King, J.,
(orally:)
Tbe pleadings show in this case that the plaintiff seeks to have the council of the village of Oak Harbor award him the contract for paving a certain street in the village of Oak Harbor, and the pleadings show that before the alternative writ of mandamus had been served upon the defendant, a contract had been let and entered into between the village and defendants Jacobs & Stewart, and that said contract had been performed and fulfilled and the village had paid the contract price, or at least ninety per cent, of it.
It was ascertained at the last term of this court that the alternative writ served upon the defendants was not the writ which the statute required. It did not contain a copy of the petition, so the defendant could not know the act it was required to perform. The examination that we have made of the. authorities upon this question and the statute leads us to the conclusion that the demurrer of the defendant should be sustained. The statute provides in the first place that ‘ ‘ Mandamus is a writ issued in the name of the state, to an inferior tribunal, a corporation, board or person, commanding the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station.” *410 The application must be made by petition. The writ will not issue when there is a plain and adequate remedy at law. It must be made on application to the court or judge thereof. When it is apparent that no valid excuse can be given for not performing the act,the court may allow a peremptory mandamus, but in all other cases an alternative writ must be allowed. The defendant must do the act required to be performed, and in case of an alternative writ he must perform the act or show cause before the court why he does not do the act.
The judgment is then that the defendant do the act required, and if judgment, says section 6753, “be given for the plaintiff, the relator may recover damages which he has sustained, to be ascertained by the court,'the jury, or by a referee or master, as in a civil action, and costs, and a peremptory writ shall also be granted to him without delay.”
That is the judgment authorized by the statute — that the defendant do the act which he refuses to do. But can the court give that kind of a judgment when it is apparent upon the face of the pleadings that it can have no possible effect because the defendant cannot perform it? . ■
It is said that he has put it out of his power, and that that is no excuse. But lie did not put it out of his power after the service of the writ. The action was not commenced until proper service of the writ was made. A copy of the petition must be served upon the defendant that he may know what he is expected to do. This was not done. Now, an order made at this stage of the case would be wholly useless. The village cannot let this contract. This contract was let and completed before this action was properly commenced, and the money paid for the performance of it. The contract has been executed. The judgment would be one for damages — where there has been a proper service of the writ before the execution of the contract. After the service of the writ the defendants have nothing further to do than to *411 make their answer to the court, and if they go on and let the contract, then this action for damages would lie.
Buckland & Love, Judge Finnefrock and H. B., Magruder, for Deckman.
John Duff, for the village and council.
We have been cited to no authority, and we decide this case upon the one ground: That the pleadings show that the act which the plaintiff desires may be performed by defendants, to-wit: the awarding and execution of the contract for the improvement of the street mentioned, was let and executed between the village and the defendants Jacobs & Stewart prior to the service of the alternative writ of mandamus in this case on the defendants or either of them.
Judgment for the defendants. Petition dismissed.
Defendants recover their costs.